# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re <br> **CENTAUR PA LAND, LP, et al.,** <br> Debtors. | : Chapter 11 <br> : <br> : Case No. 09-13760 (KJC) <br> : <br> : (Jointly Administered) <br> : <br> : Objection Deadline: March 10, 2010 @ 4:00 p.m. <br> : Hearing Date: March 17, 2010 @ 10:00 a.m. |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER SUPPLEMENTING THE INTERCOMPANY FINANCING ORDER TO AUTHORIZE THE DEBTORS TO OBTAIN ADDITIONAL AVAILABILITY

Centaur PA Land, LP ("Centaur PA") and Valley View Downs, LP ("VVD LP"), debtors and debtors-in-possession in the above-captioned chapter 11 cases (together, the "Debtors"), file this motion (the "Motion") for the entry of an order, substantially in the form attached as Exhibit A hereto, pursuant to sections 105(a), 362, 363(b) and 364(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to obtain an additional $165,000 in unsecured postpetition financing from the Debtors' indirect parent company, Centaur, LLC, on the same terms and conditions set forth in the Intercompany Financing Order (as defined below). In support of the Motion, the Debtors rely upon and refer the Court to the Declaration of Kurt E. Wilson in Support of the Intercompany Financing Motion [D.I. 24], and respectfully represent as follows:

## PRELIMINARY STATEMENT

The Debtors have previously received authorization from the Court to borrow up to $125,000 in the aggregate in Intercompany Financing (as defined below) from Centaur, LLC.

The Debtors have drawn upon the Intercompany Financing as needed to make certain payments in accordance with the established Borrowing Procedures[1] to satisfy their obligations to, among others, consultants and advisors whose efforts are needed to promote and enhance the success of the Debtors' gaming license application currently pending in Pennsylvania. The Debtors initially had anticipated needing only $125,000 in availability in the Intercompany Financing while they continued to negotiate a consensual restructuring of their debt and recapitalization of their businesses with the lenders under their prepetition credit facilities.

Substantial progress has been made in negotiating the terms of and preparing a chapter 11 plan of reorganization in conjunction with certain of the Debtors' prepetition lenders. The complex capital structure and degree of regulation to which the Debtors and their affiliates are subject, however, have resulted in a longer period of negotiation than the Debtors originally anticipated. Consequently, to preserve the Debtors' valuable opportunity to develop gaming, racing and entertainment facilities at Valley View Downs and to preserve the status quo that allows the on-going negotiations toward a global restructuring resolution, the Debtors require up to an additional $165,000 of availability in Intercompany Financing (the "Additional Availability"), which would be subject to the same terms and conditions to which the Court previously authorized the Intercompany Financing.

The Debtors have notified the administrative agent for the prepetition first lien lenders of the present circumstances and the Debtors' need for the Additional Availability. The administrative agent to the prepetition first lien lenders has agreed to support the request for Additional Availability sought in the Motion

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Intercompany Financing Motion (as defined below).

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### The Bankruptcy Cases

2. On October 28, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition in the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to an order of this Court [D.I. 14].

3. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No official committee of unsecured creditors has been appointed yet in the Debtors' chapter 11 cases. Further, no trustee or examiner has been requested or appointed in these chapter 11 cases.

### Overview of Business Operations

5. The Debtors are wholly-owned, indirect subsidiaries of Centaur, LLC ("Centaur"), a wholly-owned direct subsidiary of Centaur Gaming, LLC ("Holdings"). Holdings is wholly-owned by Centaur, Inc. (together with Centaur, Holdings and their affiliates and subsidiaries, including the Debtors, the "Company"). No Centaur entities other than these Debtors have sought relief under chapter 11 of the Bankruptcy Code.

6. The Company is a leading domestic horse racing, off-track betting and casino operator with approximately 219,000 square feet of combined gaming space. The

Company currently owns, operates, and/or has interests in racing and casino facilities in five distinct gaming markets in Indiana and Colorado.

7. In addition to the Company's operations in Indiana and Colorado, the Debtors are integral parts of a racing, gaming and entertainment development opportunity in Pennsylvania to be known as Valley View Downs. The Debtors are in the process of securing the necessary approvals and licenses for the completion of Valley View Downs, which include an application for a gaming license that is currently pending with the Pennsylvania Gaming Control Board of the Commonwealth of Pennsylvania. Until the Debtors receive these necessary approvals and licenses, they are non-operational and depend upon Centaur to provide them with sufficient liquidity to meet their obligations.

**Intercompany Financing**

8. By motion dated November 11, 2009 [D.I. 23] (the "Intercompany Financing Motion"), the Debtors requested authority to obtain $125,000 in unsecured postpetition financing from the Debtors' indirect parent company, Centaur (the "Intercompany Financing"), to enable the Debtors to (i) continue to incur, on a postpetition basis, certain limited but necessary operating costs and obligations to vendors, consultants, and regulatory authorities related to their gaming license application pending in Pennsylvania and (ii) satisfy certain nominal prepetition expenses, including expenses related to the gaming license application. As described in the Declaration of Kurt E. Wilson in Support of the Intercompany Financing Motion [D.I. 24], which the Debtors rely upon in support of the Motion, the borrowings pursuant to the Intercompany Financing are necessary to maintain the Debtors' relationships with their vendors, consultants and regulatory authorities while the gaming license application is under review.

9. The Court, by interim and final orders, dated November 23, 2009 [D.I. 49] and December 4, 2009 [D.I. 60] (the "Intercompany Financing Order"), respectively, authorized the Debtors to incur the Intercompany Financing and, among other things, granted Centaur a superpriority administrative expense claim with respect to all amounts incurred by the Debtors under the Intercompany Financing, which superpriority administrative expense claim shall be junior only to the superpriority administrative expense claim of Credit Suisse, Grand Cayman Branch ("CS") with respect to the Debtors' obligations pursuant to that certain Amended and Restated Reimbursement Agreement, dated October, 30, 2009, as amended, between VVD LP and CS in respect of the letter of credit supporting the License Application.

10. The Intercompany Financing Order was previously amended by order of the Court [D.I. 82] to permit the Debtors to pay CS, as issuer of that certain letter of credit in the amount of $50 million to the Commonwealth of Pennsylvania in connection with the Debtors' application for a gaming license, a fee for further extending the letter of credit until April 29, 2010. The Debtors were permitted to pay this fee without regard to the Intercompany Financing Borrowing Cap.

## DISCLOSURES PURSUANT TO BANKRUPTCY RULE 4001(c) AND LOCAL RULE 4001-2

11. The Additional Availability will be subject to the same terms as those described in the Intercompany Financing Motion and Intercompany Financing Order. Accordingly, the disclosures pursuant to Bankruptcy Rule 4001(c) and Local Rule 4001-2 made in paragraph 15 of the Intercompany Financing Motion are hereby incorporated by reference in full, and no further disclosure is necessary.

## RELIEF REQUESTED

12. By the Motion, the Debtors respectfully request the entry of order, substantially in the form of Exhibit A hereto, supplementing the Intercompany Financing Order by authorizing the Debtors to obtain an additional $165,000 of availability in Intercompany Financing upon the same terms and conditions set forth in the Intercompany Financing Order.

## BASIS FOR RELIEF

13. Section 364 of the Bankruptcy Code provides bankruptcy courts with the power to authorize postpetition financing for chapter 11 debtors. See In re Vineyard Bay Dev. Co., 132 F.3d 269, 272 (5th Cir. 1998); see also In re Pro Set, Inc., 193 B.R. 812, 814 (Bankr. N.D. Tex. 1996) (court's prior order authorized debtor to incur postpetition indebtedness under section 364); In re Defender Drug Stores, Inc., 126 B.R. 76, 81 (Bankr. D. Ariz. 1991) ("Having recognized the natural reluctance of lenders to extend credit to a company in bankruptcy, Congress designed [section] 364 to provide 'incentives to the creditor to extend post-petition credit.'") (quoting In re Ellingsen MacClean Oil Co., 834 F.2d 599, 603 (6th Cir. 1987). The incentives enumerated in section 364 are not intended to be an exhaustive list of the inducements that a court may grant. Defender Drug Stores, 126 B.R. at 81. In fact, it is not uncommon for a court to approve a lending arrangement containing terms that far exceed those authorized by section 364. Id.

14. Generally, courts apply a three-part test to determine whether credit obtained may be granted under section 364(c) of the Bankruptcy Code. The three-part test includes demonstrating that (1) the debtor cannot obtain credit unencumbered or without super-priority status, (2) the credit transaction is necessary to preserve the assets of the estates, and (3) the terms of the credit agreement are fair, reasonable and adequate given the circumstances of the

debtor-borrower and the proposed lender. See In re Crouse Group, Inc., 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987), aff'd, 75 B.R. 553 (E.D. Pa. 1987).

15. Against this statutory backdrop, courts should evaluate the facts and circumstances of a debtor's case and accord significant weight to the necessity for obtaining the financing. See In re Ames Dep't Stores, Inc., 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990).

16. The Additional Availability will be subject to the same terms and conditions, including the Borrowing Procedures, set forth in the Intercompany Financing Order and discussed more fully in the Intercompany Financing Motion, including that such intercompany borrowings will be reflected on the Debtors' books as a loan from Centaur and will be subordinate and subject in right of payment to the obligations of the prepetition lenders pursuant to the terms of an intercompany subordinated demand and promissory note dated October 30, 2007.

17. The Additional Availability would be provided on an unsecured basis, subject only to superpriority administrative expense priority pursuant to section 364(c) of the Bankruptcy Code, and is necessary to preserve the Debtors' valuable opportunity to develop gaming, racing and entertainment facilities at Valley View Downs. As discussed more fully in the Intercompany Financing Motion, the Debtors are not likely to be able to procure financing on equivalent or superior terms to those which Centaur is offering.

18. Accordingly, the Debtors request that the Court authorize the Additional Availability so that the Debtors may continue to honor the obligations to vendors, consultants and regulatory authorities that are necessary to promote and ensure the viability of the Debtors' pending gaming license application in Pennsylvania.

## RESERVATION OF RIGHTS

19. While the Debtors do not anticipate, at this time, any need to seek further additional availability in Intercompany Financing, they hereby expressly reserve their right to do so upon subsequent motion to, and hearing before, the Court should such need arise.

## NOTICE

20. Notice of the Motion and the hearing on the Motion have been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) Credit Suisse, Grand Cayman Branch as issuer of a letter of credit in favor of the Commonwealth of Pennsylvania; (iii) the administrative agents under the Debtors' prepetition credit facilities and their respective counsel; (iv) each of the Debtors' known unsecured creditors as of the Petition Date;[2] (v) the Commonwealth of Pennsylvania; (vi) the Pennsylvania Harness Racing Commission; (vii) the Internal Revenue Service; and (viii) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

[remainder of page intentionally left blank]

---

[2] The Debtors' books and records reflect only one unsecured creditor.

WHEREFORE, based upon the foregoing, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: February 23, 2010
       Wilmington, Delaware

                              FOX ROTHSCHILD LLP

                              Jeffrey M. Schlerf (No. 3047)
                              L. Jason Cornell (No. 3821)
                              919 North Market Street, Suite 1600
                              Wilmington, Delaware 19801
                              (302) 654-7444

                                  -and-

                              Gerard Uzzi
                              WHITE & CASE LLP
                              1155 Avenue of the Americas
                              New York, New York 10036
                              (212) 819-8200

                                  -and-

                              Michael C. Shepherd
                              WHITE & CASE LLP
                              200 South Biscayne Boulevard, Suite 4900
                              Miami, Florida 33131
                              (305) 371-2700

                              Attorneys to the Debtors and
                              Debtors in Possession