IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| CENTAUR PA LAND, LP et al.,[1] | : Case No. 09-13760 (KJC) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : Objection Deadline: March 30, 2010 at 4:30 p.m. (EDT) |
| | : Hearing Date: April 6, 2010 at 1:00 p.m. (EDT) |

## DEBTORS' MOTION FOR RECONSIDERATION OF THE JOINT ADMINISTRATION ORDER ENTERED IN THE CHAPTER 11 CASES OF AFFILIATES OF THE DEBTORS

The affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby file this motion (the "Motion") for (a) reconsideration, pursuant to Rule 9013-1(m)(v) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), of the order entered in the chapter 11 cases of certain affiliates of the Debtors that filed chapter 11 petitions on March 6, 2010 (the "New Debtors") directing joint administration of the chapter 11 cases of the New Debtors, but which did not direct joint administration of the New Debtors' chapter 11 cases with those of the Debtors, and (b) entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1, substantially in the form attached hereto as Exhibit B, directing the joint administration, for procedural purposes only, of the Debtors' chapter 11 cases with the chapter 11 cases of the New Debtors under the case In re Centaur, LLC, Case No. 10-10799 (KJC), and respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are Centaur PA Land, LP and Valley View Downs, LP (1028).

## Preliminary Statement

The Debtors and the New Debtors are all part of an enterprise that owns, operates and/or has opportunities to develop racing and gaming facilities in Indiana, Colorado and Pennsylvania. Their corporate structure is fairly typical of most large enterprises; Centaur, LLC is the intermediate parent holding company that owns, directly or indirectly, each of the other Debtors and New Debtors, which in turn are either operating or holding companies for the racing and gaming facilities. Centaur, LLC, as the intermediate parent company, is the borrower and each of the other Debtors and the New Debtors is a guarantor under certain prepetition secured credit facilities.

At the first day hearing held on March 9, 2010, shortly after the New Debtors filed their chapter 11 petitions (the "First Day Hearing"), the Honorable Mary F. Walrath, the duty judge assigned to the New Debtors' chapter 11 cases, decided to leave the decision as to whether the Debtors' chapter 11 cases should be jointly administered with the New Debtors' chapter 11 cases to this Court's discretion upon this Court's revisiting the issue. Judge Walrath's decision to stop short of jointly administering the New Debtors' chapter 11 cases with those of the Debtors was made after concerns were raised at the First Day Hearing that jointly administering the cases of the Debtors with the cases of the New Debtors under the case In re Centaur PA Land, LP, Case No. 09-13760 (KJC) may lead to confusion for creditors.

As this Court is aware, however, ever since the Debtors filed their petitions, it has been contemplated that their cases would be jointly administered with those of the rest of the enterprise when those entities sought the protections of chapter 11 of the Bankruptcy Code. Joint administration of the Debtors' and New Debtors' chapter 11 cases makes sense since the Debtors and the New Debtors are part of the same corporate family and intend to pursue a joint comprehensive restructuring of their debt. Any potential for confusion from administering the

MIAMI 867330 (2K)
WM1A 949648v1 03/19/10

Debtors' and the New Debtors' chapter 11 cases under the case In re Centaur PA Land, LP, Case No. 09-13760 (KJC), could be adequately addressed by instead jointly administering those chapter 11 cases under the case In re Centaur, LLC, Case No. 10-10799 (KJC), because it would result in the intermediate parent holding company being named in the caption.

Joint administration of the New Debtors' and the Debtors' chapter 11 cases will also relieve the Court and parties in interest of administrative burdens and reduce expenses to the estates of both the New Debtors and the Debtors by eliminating the need for parties to file duplicative papers in both sets of cases. Since the Debtors seek joint administration for procedural and administrative purposes only and not substantive consolidation of the estates of the Debtors and the New Debtors, the Debtors submit that no parties in interest will be prejudiced.

For the foregoing reasons, the Debtors request that the Court reconsider the joint administration order entered in the New Debtors' chapter 11 cases after the First Day Hearing and enter an order jointly administering the chapter 11 cases of the Debtors with the chapter 11 cases of the New Debtors.

## **Jurisdiction**

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Background**

2. On October 28, 2009 (the "Original Petition Date"), the Debtors each commenced chapter 11 cases in this Court by filing voluntary petitions for relief under the Bankruptcy Code. The Court granted joint administration of the Debtors' chapter 11 cases by

Order dated October 30, 2009 [Case No. 09-13760, D.I. 14] under the case <u>In re Centaur PA Land, LP</u>, Case No. 09-13760 (KJC).

3.  On March 6, 2010 (the "Petition Date"), the New Debtors commenced chapter 11 cases in this Court by filing voluntary petitions for relief under the Bankruptcy Code.

4.  The Debtors and the New Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On March 17, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee"). No examiner or trustee has been requested or appointed in any of the Debtors' chapter 11 cases.

6.  Additional background facts on the Debtors and the New Debtors, including an overview of the Debtors' and the New Debtors' businesses, information on the Debtors' and the New Debtors' corporate structure, information on the Debtors' and the New Debtors' debt structure and information on the events leading up to the Debtors' and the New Debtors' chapter 11 cases are contained in the Declaration of Kurt E. Wilson in Support of First Day Motions, filed on March 8, 2010 [Case No. 09-13760 (KJC), D.I. 122] (the "First Day Declaration").

### Proceedings Related to Request for Joint Administration

7.  By motion dated March 7, 2010, the New Debtors initially sought to have their chapter 11 cases jointly administered, for procedural purposes only, under the existing lead case for the Debtors: <u>In re Centaur PA Land, LP</u>, Case No. 09-13760 (KJC) [Case No. 09-13760 (KJC), D.I. 109] (the "Joint Administration Motion").

8. On March 9, 2010, Goldman Sachs Specialty Lending Holdings, Inc. ("Goldman Sachs"), one of the Debtors' Second Lien Lenders,[2] filed a preliminary objection to, among other things, the New Debtors' Joint Administration Motion [Case No. 09-13760 (KJC), D.I. 128] (the "Preliminary Objection"). At the First Day Hearing, counsel for Goldman Sachs initially expressed a concern that the Debtors might somehow subsidize funding of the New Debtors' cases with what Goldman Sachs claimed were unencumbered assets and indicated that this concern was the predicate for the Preliminary Objection. See First Day Hr'g Tr., 11:20 – 12:3, Mar. 9, 2010.[3] Immediately thereafter, however, counsel for Goldman Sachs expressed a willingness to withdraw his objection to the relief requested in the Joint Administration Motion. See First Day Hr'g Tr. 12:4-6 ([MR. HARRIS:] ". . . On joint administration, Your Honor, I'm happy to withdraw the objection to that. We can have one case under case caption. It's fine. . . .").

9. Thereafter, however, the trial attorney for the United States Trustee for the District of Delaware (the "U.S. Trustee"), asserted that joint administration of the chapter 11 cases of the Debtors with those of the New Debtors could be "confusing to a certain extent with respect to putting everything under the -- what I'll call the lead case that was the '09 case." First Day Hr'g Tr. 15:3-5. He then suggested that the Court jointly administer two sets of cases, one for the New Debtors and another for the Debtors. First Day Hr'g Tr. 15:5-7 ([MR. SHEPACARTER:] ". . . I think the better way to do it would be to make one of the 2010 debtors the lead debtor for this case and then have the other two cases there."). Counsel for Goldman

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] Relevant portions of the transcript from the First Day Hearing are attached hereto as Exhibit C.

Sachs then indicated on the record that the suggestion of the trial attorney of the U.S. Trustee with respect to joint administration was appropriate. See First Day Hr'g Tr. 19:15-18.

10. Thereafter, Judge Walrath stated: "I will grant the joint administration order – or excuse me -- motion as to the '10 cases, but I'll leave it to Judge Carey to decide whether or not they should be jointly administered with the previously filed debtors." First Day Hr'g Tr. 19:22-25. Accordingly, the order signed by Judge Walrath on the Joint Administration Motion [Case No. 10-10799 (KJC), D.I. 19] (the "Joint Administration Order"), provided for joint administration of the New Debtors' chapter 11 cases, for procedural purposes only, but did not provide for the joint administration of the New Debtors' chapter 11 cases with those of the Debtors.

**Relief Requested**

11. By the Motion, the Debtors seek (a) reconsideration, pursuant to Local Rule 9013-1(m)(v), of the Joint Administration Order, which did not jointly administer the New Debtors' chapter 11 cases with those of the Debtors, and (b) entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1 for an order, substantially in the form as attached hereto as Exhibit B, directing the joint administration, for procedural purposes only, of the Debtors' chapter 11 cases with the chapter 11 cases of the New Debtors under the case In re Centaur, LLC, Case No. 10-10799 (KJC).

**Basis for Relief**

A. **Reconsideration of the Joint Administration Order**

12. Local Rule 9013-1(m)(v) provides that:

Any party in interest may file a motion to reconsider any First Day Order, other than any order entered under 11 U.S.C. §§ 363 and 364 with respect to the use of cash collateral and/or approval of postpetition financing, within thirty (30) days of the entry of such order, unless otherwise ordered

by the Court. Any such motion for reconsideration shall be given expedited consideration by the Court. The burden of proof with respect to the appropriateness of the order subject to the motion for reconsideration shall remain with the debtor notwithstanding the entry of such order.

Del. Bankr. L.R. 9013-1(m)(v).

13. Here, Judge Walrath specifically left it to this Court to determine whether to jointly administer the Debtors' chapter 11 cases with those of the New Debtors. The Debtors respectfully request that the Court revisit that issue and allow the procedural joint administration of the Debtors' and the New Debtors' chapter 11 cases. Joint administration of the Debtors' chapter 11 cases with those of the New Debtors will result in the more efficient and cost-effective administration of both sets of chapter 11 cases.[4] Moreover, the Debtors submit that joint administration of the Debtors' chapter 11 cases with those of the New Debtors will be less confusing to parties in interest than separate administration of the two sets of chapter 11 cases because the Debtors are simply subsidiaries in the enterprise that is otherwise being jointly administered under In re Centaur, LLC, Case No. 10-10799 (KJC), and an enterprise that is finalizing a joint comprehensive debt restructuring proposal.

### B. Benefits of Jointly Administering the Debtors' Chapter 11 Cases with the New Debtors' Chapter 11 Cases

14. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The New Debtors and Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. See 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the

---

[4] At the First Day Hearing, counsel for the First Lien Agent expressed a preference for joint administration of the chapter 11 cases of the Debtors with those of the New Debtors on the grounds of efficiency and cost-effectiveness. See First Day Hr'g Tr. 16:25-17:3, 17:13-17 (([MR. SEIDER:] ". . . Your Honor, on this particular motion, joint administration, we ask only that the Court do what is most efficient from the perspective of operating these estates. . . . We would only ask that the Court grant joint administration so this matter may be run as efficiently as possible, administrative costs like those associated with creditors committees, et cetera, be kept to a minimum.").

relief requested herein. Further, this Court has routinely granted joint administration of the chapter 11 cases of affiliated debtors. See, e.g., In re Magna Entm't Corp., Case No. 09-10720 (MFW) (Bankr. D. Del. Mar. 6, 2009); In re Aleris Int'l, Inc., 09-10478 (BLS) (Bankr. D. Del. Feb. 13, 2009); In re Wash. Mut., Inc., Case No. 08-12229 (MFW) (Bankr. D. Del. Oct. 3, 2008); In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 3, 2007). Indeed, this Court has even granted joint administration of chapter 11 cases of affiliated debtors that were not filed contemporaneously with one another. See, e.g., In re Capmark Fin. Group, Inc., Case No. 09-13684 (CSS) (Bankr. D. Del. Jan. 19, 2010); In re WCI Cmtys., Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. July 17, 2009); In re SemCrude, L.P., Case No. 08-11525 (BLS) (Bankr. D. Del. Nov. 6, 2008); In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. Aug. 7, 2007).

15. In addition, Local Rule 1015-1 provides in relevant part as follows:

> An order of joint administration may be entered . . . upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

16. As in the chapter 11 cases cited above, and as set forth in the First Day Declaration, joint administration of the Debtors' and the New Debtors' respective estates is warranted and will ease the administrative burden for the Court and all parties to the New Debtors' and Debtors' chapter 11 cases. Many of the motions, hearings and orders that will arise in these chapter 11 cases will jointly affect each and every Debtor and New Debtor. By jointly administering the Debtors' and the New Debtors' chapter 11 cases, the Debtors and the New

Debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple documents.

17. The rights of the Debtors' and the New Debtors' respective creditors will not be adversely affected by the joint administration of the chapter 11 cases of the Debtors and the New Debtors because the Motion requests only procedural and administrative, not substantive, consolidation of the estates. Thus, all of the Debtors' and the New Debtors' creditors will benefit from the reduced costs as a result of such joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Debtors' and the New Debtors' chapter 11 cases by the U.S. Trustee will also be simplified.

18. Furthermore, the Debtors submit that neither the New Debtors' nor the Debtors' creditors will be confused by joint administration of the Debtors' and the New Debtors' chapter 11 cases. One reason why the risk of confusion is remote is that the footnote to the proposed caption will list all of the debtors whose cases will be affected by any given filing. Indeed, the Debtors submit that both the New Debtors' and the Debtors' creditors will benefit by the reduction in cost and the reduction in administrative burdens that would result from entry of an order jointly administering the chapter 11 cases of the Debtors with those of the New Debtors. The Debtors and the New Debtors are all part of a single enterprise, and there is no need to separate out two of the entities merely because they were forced to file several months earlier than the rest of the enterprise to protect the opportunity at Valley View Downs. Any potential for confusion that may have resulted from jointly administering the Debtors' and the New Debtors' chapter 11 cases under the case In re Centaur PA Land, LP, Case No. 09-13760 (KJC) (which the Debtors submit would be unlikely), however, could be ameliorated by procedurally

consolidating the cases under the case In re Centaur, LLC, Case No. 10-10799 (KJC). In any event, the risk that the Debtors' creditors will be confused by joint administration of the chapter 11 cases of the Debtors with those of the New Debtors is also remote given that the Debtors' single unsecured creditor has been selected by the U.S. Trustee to be a member of the official committee of unsecured creditors in the New Debtors' chapter 11 cases and is also represented separately by counsel.

19. Based on the foregoing, the joint administration of the above-captioned cases with those of the New Debtors is in the best interests of the Debtors, the New Debtors, their creditors, and all parties in interest. Accordingly, the Debtors request that the caption of their chapter 11 cases be modified to reflect the joint administration of their chapter 11 cases with the New Debtors' chapter 11 cases, as set forth in Exhibit A attached hereto (the "Proposed Caption").

20. Pursuant to section 342(c)(1) of the Bankruptcy Code "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c)(1) of the Bankruptcy Code.[5]

21. The Debtors further request that a docket entry be made in each of their chapter 11 cases that provides substantially as follows:

> An Order has been entered in this chapter 11 case directing the joint administration, for procedural purposes only, of the chapter 11 cases of Centaur, LLC; Centaur Colorado, LLC; Centaur

---

[5] The Debtors note, however, that the Proposed Caption does not include the last four digits of taxpayer identification numbers for Centaur Indiana, LLC; Centaur Racing, LLC; HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; or Centaur PA Land, LP as none of these entities have been issued such a number by the Internal Revenue Service.

Indiana, LLC; Centaur Racing, LLC; Hoosier Park, L.P.; HP Dining & Entertainment, LLC; Centaur Pennsylvania, LLC; VVD Properties General Partner, LLC; Valley View Downs GP, LLC; VVD Properties, LP; Valley View Downs, LP; Centaur PA Land Management, LLC; Centaur PA Land General Partner, LP; and Centaur PA Land, LP. Beginning on April 6, 2010, the docket in Case No. 10-10799 (KJC) should be consulted for all matters affecting these cases.

## Notice

22. Notice of the Motion has been provided to (a) the U.S. Trustee; (b) Credit Suisse, Grand Cayman Branch, as issuer of a letter of credit in favor of the Commonwealth of Pennsylvania; (c) the administrative agents under the Debtors' prepetition credit facilities and their respective counsel; (d) Proposed Counsel to the Committee; (e) the Pennsylvania Gaming Control Board of the Commonwealth of Pennsylvania; (f) the Pennsylvania Harness Racing Commission; (g) the Indiana Horse Racing Commission; (h) the Indiana Gaming Commission; (i) the Colorado Limited Gaming Control Commission; (j) the Internal Revenue Service; and (k) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that under the circumstances no other or further notice is necessary.

MIAMI 867330 (2K)
WMIA 949648v1 03/19/10

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: March 19, 2010
      Wilmington, Delaware

FOX ROTHSCHILD LLP

_/s/_

Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
John H. Strock (No. 4965)
919 North Market Street, Suite 1600
Wilmington, Delaware 19801
(302) 654-7444

-and-

Gerard Uzzi (admitted pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

-and-

Michael C. Shepherd (admitted pro hac vice)
Lane E. Begy (admitted pro hac vice)
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
(305) 371-2700

Attorneys for the Debtors and
Debtors in Possession

MIAMI 867330 (2K)
WM1A 949648v1 03/19/10