# UNITED STATES BANKRUPTCY COURT
# DELAWARE

In re: Centaur PA Land, LP                           Case Number: 09-13760

**\*SUBJECT TO GENERAL AND SPECIFIC NOTES TO THESE SCHEDULES\***

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

|  |  |  | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES * | OTHER |
| A - Real Property | Yes | 1 | $20,474,917 | | |
| B - Personal Property | Yes | 4 | | | |
| C - Property Claimed as Exempt | No | 0 | | | N/A |
| D - Creditors Holding Secured Claims | Yes | 1 | | $596,450,573 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | Undetermined | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $0 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of All Schedules | | 13 | | | |
| | | Total Assets > | $20,474,917 | | |
| | | | Total Liabilities > | $596,450,573 | |

The asterisks (*) above indicate that the amounts scheduled for assets and/or liabilities on such Schedules contain some amounts that are either unliquidated or undetermined. Accordingly, where there is an asterisk next to an amount on the Summary of Schedules chart above, such amounts may be understated. The asterisks above are hereby incorporated into the individual Schedules to which they apply and shall be deemed to apply thereto.

# UNITED STATES BANKRUPTCY COURT
# DELAWARE

**In re: Centaur PA Land, LP**
**Case Number: 09-13760**

## BANKRUPTCY SCHEDULES: GENERAL NOTES SECTION

### NOTES PERTAINING TO DEBTORS

The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "Statements") and collectively with the Schedules, the "Schedules and the Statements") of Centaur PA Land, LP (the "Debtors") have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors with the assistance of their court-appointed agent and are unaudited. While management has made every reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist.

Moreover, because the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that Schedules and Statements are complete. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Chapter 11 case and specifically with respect to any issues involving equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

Agreements Subject to Confidentiality. There may be instances within the Schedules and Statements where either names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtors and the third party, concerns of confidentiality or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses and amounts.

Amendment. While reasonable efforts have been made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement their Schedules and Statements as is necessary and appropriate.

Causes of Action. The Debtors, despite efforts, may not have set forth all of its causes of action against third parties as assets in its Schedules and Statements. The Debtors reserve all of its rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

Claims Description. Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtor reserves the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

Court Orders. By separate orders of the Bankruptcy Court, each dated as of October 27, 2009, the day the Debtors commenced its Chapter 11 cases (the "Petition Date"), the Debtors were authorized to pay, among other things, employees. Consequently, certain prepetition fixed, liquidated and undisputed unsecured claims have been or will be paid. Schedule F generally does not include prepetition liabilities that have been or will be paid under these first day orders.

Current Market Value of Assets. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of its assets. Accordingly, unless otherwise indicated, net book values are reflected on the Debtors' Schedules and Statements for assets. For this reason, amounts ultimately realized may vary from net book value and such variance may be material. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Certain other assets such as investments in subsidiaries are listed at undetermined amounts as the net book values may materially differ from fair market values.

Dates. The information provided herein, except as otherwise noted, represents the asset data of the Debtors as of February 28, 2010 and liability data of the Debtors as of the Petition Date.

Excluded Assets and Liabilities. The Debtors have excluded certain categories of assets and liabilities from the statements and schedules such as goodwill, pension assets, deferred compensation, accrued salaries, employee benefit accruals, post-retirement benefits, and deferred gains. Other immaterial assets and liabilities may also have been excluded.

Foreign Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

Schedule D – Creditors Holding Secured Claims. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve its right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of the Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. In certain instances, the Debtors may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other related entities, and no claim set forth on Schedule D of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification o interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. Certain of Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D.

Schedule E - Creditors Holding Unsecured Priority Claims. The Debtors have filed first day motions with the United States Bankruptcy Court seeking authority to pay all prepetition employee obligations as well as sales/use and payroll tax obligations. Therefore, ordinary course taxing authorities and certain employees are included herein at $0. Furthermore, based on varying periodic assessments and determinations of income and property taxes, the Debtors have listed the taxing authorities it has obligations to in its ordinary course of business as undetermined unless specific liability amounts are known and liquidated.

Reservation of Rights. The Debtors reserve the right to assert that any claim listed on Schedule E does not constitute an unsecured priority claim under 11 U.S.C. Section 507 of the Bankruptcy Code.

Schedule F – Creditors Holding Unsecured Nonpriority Claims. Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While best efforts have been made, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the entity that is the subject of the litigation is unclear or undetermined. However, to the extent that litigation involving the Debtors has been identified, such information is contained in the Schedule for the Debtors.

In the ordinary course of business, transactions were made between intercompanies. These transactions included allocations of overhead, payments made on behalf of another entity, and other reimbursable expenses. These transactions resulted in payables and receivables between intercompany accounts but are excluded from these Schedules.

Unlisted Liabilities. Liabilities which have not been identified or included on Schedule F as of the date hereof will be included in amendment(s) to Schedule F unless such liabilities have been authorized for payment under Orders entered by the Bankruptcy Court.

Reserves. Schedule F does not include certain contingency reserves recorded on the Debtors' books pursuant to generally accepted accounting principles. Such reserves are for potential liabilities and as of the petition date, there are no existing claimants.

Schedule G – Executory Contracts. The businesses of the Debtors is complex. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such agreement or unexpired lease.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtors and such supplier or provider.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of its rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim. Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

Listing a contract or agreement on this schedule does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on this schedule are hereby reserved and preserved. Similarly, the listing of a contract or lease on this schedule does not constitute an admission that such document is not a secured financing.

While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors do not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth herein, or the validity or enforceability of any contracts, agreements or leases listed herein.

The contracts, agreements and leases listed on Schedule G may have expired or been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters or other documents, instruments or agreements which may be listed herein. Certain of the real property leases listed on this Schedule G may contain rights of first refusal, rights to lease additional space or other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on this Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Schedule G does not include all equipment purchase orders. Additionally, the Debtors may be a party to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps or other miscellaneous agreements. Such agreements are not set forth on this Schedule G.

In addition to the contracts set forth in this Schedule G, the Debtors have numerous agreements with vendors governing the terms and conditions under which merchandise is purchased, including agreements for rebates, coop advertising arrangements, and other vendor support.

Utilities. In the ordinary course of business, the Debtors have entered into numerous agreements, both written and oral, regarding the provision of certain services on a month-to-month basis, including electricity, natural gas, water, telephone, and garbage collection. The Debtors do not believe that such contracts constitute executory contracts and thus, said agreements are not listed individually on Schedule G. Nevertheless, the Debtors reserve the right to assert that such agreements constitute executory contracts.

Schedule H – Co-Debtors. In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because of the volume of such claims, because all are contingent, disputed or unliquidated, and because such claims are listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

Insiders. The Debtors have included all payments made over the twelve months preceding the Petition Date to any individual deemed an "insider." Insiders are defined as individuals who served as either Officers or Directors of the Debtors as well as shareholders holding at least 5% in the twelve months immediately preceding the commencement of this case.

Totals. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

UNITED STATES BANKRUPTCY COURT
DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property.

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in - Schedule C - Property Claimed as Exempt.

☐  Check this box if debtor has no real property on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | | BUILDING (NPV) | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|---|
| Land located in Township of Mahoning, County of Lawrence PA. Land is 288.518 acres. | See Footnote Below. | | 0% | $20,474,917 | |
| | | | Total | $20,474,917 | |

**Specific Note:**
Book Value of land pursuant to purchase from Carmen Shick. Amount is based on future cash flow from property. Total Book Value is just over $27.6 Million, but $7.2 million is allocated to Valley View Downs, LP. Amount listed is as of 2/28, 2010.

UNITED STATES BANKRUPTCY COURT
DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | X | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5. Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6. Wearing apparel. | X | | |
| 7. Furs and jewelry. | X | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9. Interests in insurance policies. Name insurance company of policy and itemize surrender or refund value of each. | X | | |
| 10. Annuities. Itemize and name each issuer. | X | | |

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | |
| 13. Stock and interests in incorporated and unincorporated business. Itemize. | | See Exhibit B-13 immediately following Schedule B | |
| 14. Interests in partnerships or joint ventures. Itemize. | | See Exhibit B-14 immediately following Schedule B | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | |
| 20. Contingent and non contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 24. Customer Lists or other compilations of personal information | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |
| | | Total | $0 |

___1___ continuation sheet attached

+ Undetermined

**Specific Note**
The balance sheet for Centaur PA Land includes certain Loan costs that are amortized over time. There is no liquidation value associated with this and they are not listed on these Schedules.

**Centaur PA Land, LP**
Case Number: 09-13760
Exhibit B13 and B14

| DEBTOR | LEGAL ENTITY | PARENT | % OWNERSHIP | TAX ID | STATE OF INCORPORATION | DATE OF FORMATION | TAX STATUS |
|---|---|---|---|---|---|---|---|
| | Centaur, Inc | | | 35-1877786 | Indiana | 01/07/1993 | S corporation |
| | Centaur Gaming, LLC | Centaur, Inc | 100.00% | 75-3256171 | Delaware | 09/28/2007 | Disregarded |
| X | Centaur, LLC | Centaur Gaming, LLC | 100.00% | 33-1038148 | Indiana | 12/16/2002 | Disregarded |
| X | Centaur Pennsylvania, LLC | Centaur, LLC | 100.00% | None | Indiana | 11/22/2002 | Single member, disregarded entity |
| X | Valley View Downs, LP | Centaur Pennsylvania, LLC | 99.00% | 74-3131028 | Pennsylvania | 12/20/2002 | Partnership |
| X | Valley View Downs GP, LLC | Centaur Pennsylvania, LLC | 100.00% | None | Indiana | 10/19/2007 | Single member, disregarded entity |
| X | Valley View Downs, LP | Valley View Downs GP, LLC | 1.00% | 74-3131028 | Pennsylvania | 12/20/2002 | Partnership |
| X | VVD Properties, LP | Centaur Pennsylvania, LLC | 99.90% | 26-1256808 | Delaware | 09/07/2007 | Partnership |
| X | Centaur PA Land Management, LLC | VVD Properties, LP | 100.00% | None | Delaware | 09/04/2007 | Single member, disregarded entity |
| X | Centaur PA Land General Partner, LP | Centaur PA Land Management, LLC | 0.10% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land General Partner, LP | VVD Properties, LP | 99.90% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | Centaur PA Land General Partner, LP | 11.00% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | VVD Properties, LP | 89.00% | None | Delaware | 09/04/2007 | Partnership |
| X | VVD Properties General Partner, LLC | Centaur Pennsylvania, LLC | 100.00% | None | Delaware | 09/07/2007 | Single member, disregarded entity |
| X | VVD Properties, LP | VVD Properties General Partner, LLC | 0.10% | 26-1256808 | Delaware | 09/07/2007 | Partnership |
| X | Centaur PA Land Management, LLC | VVD Properties, LP | 100.00% | None | Delaware | 09/04/2007 | Single member, disregarded entity |
| X | Centaur PA Land General Partner, LP | Centaur PA Land Management, LLC | 0.10% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land General Partner, LP | VVD Properties, LP | 99.90% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | Centaur PA Land General Partner, LP | 11.00% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur PA Land, LP | VVD Properties, LP | 89.00% | None | Delaware | 09/04/2007 | Partnership |
| X | Centaur Racing, LLC | Centaur, LLC | 100.00% | None | Indiana | 03/22/2000 | Single member, disregarded entity |
| X | Hoosier Park, L.P | Centaur Racing, LLC | 99.00% | 35-1930820 | Indiana | 08/30/1994 | Partnership |
| X | HP Dining & Entertainment, LLC | Hoosier Park, L.P | 100.00% | None | Indiana | 01/30/2008 | Single member, disregarded entity |
| X | Centaur Indiana, LLC | Centaur, LLC | 100.00% | None | Indiana | 12/05/2006 | Single member, disregarded entity |
| X | Hoosier Park, L.P. | Centaur Indiana, LLC | 1.00% | 35-1930820 | Indiana | 08/30/1994 | Partnership |
| X | HP Dining & Entertainment, LLC | Hoosier Park, L.P | 100.00% | None | Indiana | 01/30/2008 | Single member, disregarded entity |
| X | Centaur Colorado, LLC | Centaur, LLC | 100.00% | 48-1279131 | Delaware | 09/30/2002 | Disregarded |
| | Centaur BC Land, LLC | Centaur, LLC | 100.00% | None | Indiana | 10/19/2007 | Single member, disregarded entity |
| | Valley View Properties Management, LLC | Centaur BC Land, LLC | 100.00% | None | Delaware | 10/27/2005 | Single member, disregarded entity |
| | Valley View Properties General Partner, LP | Valley View Properties Management, LLC | 0.10% | None | Delaware | 10/27/2005 | Partnership |
| | Valley View Properties Holding, LP | Valley View Properties General Partner, LP | 11.00% | None | Delaware | 10/27/2005 | Partnership |
| | Valley View Properties General Partner, LP | Centaur BC Land, LLC | 99.90% | None | Delaware | 10/27/2005 | Partnership |
| | Valley View Properties Holding, LP | Valley View Properties General Partner, LP | 11.00% | None | Delaware | 10/27/2005 | Partnership |
| | Valley View Properties Holding, LP | Centaur BC Land, LLC | 89.00% | None | Delaware | 10/27/2005 | Partnership |
| | Bedford Downs Management Corporation | Centaur BC Land, LLC | 100.00% | 75-3116837 | Pennsylvania | 05/09/2003 | C Corporation |

**Specific Notes:**
(1) 'X' in the column labeled "Debtor" indicates that the corporate entity is a Debtor in one of the jointly administered chapter 11 cases. If there is nothing in this column, the entity has not commenced a chapter 11 case and is not one of the Debtors.

(2) "% Ownership" indicates the percent owned by the respective "Parent" company. Where a legal entity appears under multiple parent companies, % ownership is segregated accordingly.

# UNITED STATES BANKRUPTCY COURT
# DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgement liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.) Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| Credit Suisse AG Cayman Islands Banks<br>Attn Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | October 30, 2007<br>(First Lien Credit Facility) | X | | | $338,789,202 | |
| Credit Suisse AG Cayman Islands Banks<br>Attn. Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | Accrued through February 28th, 2010<br>(Accrued Cash Pay Interest - First Lien) | X | | | $22,410,752 | |
| Credit Suisse AG Cayman Islands Banks<br>Attn Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | October 30, 2007<br>(Interest Rate SWAP) | X | | | $28,729,250 | |
| Credit Suisse AG Cayman Islands Banks<br>Attn Agency Group<br>11 Madison Avenue<br>New York, NY 10010 | Accrued through February 28th, 2010<br>(Accrued SWAP Interest) | X | | | $120,359 | |
| Wells Fargo Bank, N A<br>Corporate Trust Services- Centaur, LLC<br>45 Broadway, 17th Floor<br>New York, NY 10006 | October 30, 2007<br>(Second Lien Credit Facility) | X | | | $191,907,360 | |
| Wells Fargo Bank, N.A.<br>Corporate Trust Services- Centaur, LLC<br>45 Broadway, 17th Floor<br>New York, NY 10006 | Accrued through February 28th, 2010<br>(Accrued Cash Pay Interest - Second Lien) | X | | | $13,886,382 | |
| Wells Fargo Bank, N A<br>Corporate Trust Services- Centaur, LLC<br>45 Broadway, 17th Floor<br>New York, NY 10006 | Accrued through February 28th, 2010<br>(Accrued PIK Interest on Second Lien) | X | | | $607,269 | |
| | | | | Total | $596,450,573 | |

UNITED STATES BANKRUPTCY COURT
DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, or wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐ Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief 11 U.S.C. Section 507(a)(2).

☐ Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C Section 507(a)(3).

☐ Contribution to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C Section 507(a)(4).

☐ Certain farmers and fisherman

Claims of certain farmers and fisherman, up to $4,950* per farmer or fisherman, against the debtor, as provided in 11 U.S.C Section 507(a)(5).

☐ Deposits by individuals

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. Section 507(a)(6).

☐ Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Section 507(a)(7).

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(continued)

☒ Taxes and Certain Other Debts Owed to Government Units

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C Section 507(a)(8).

☐ Commitments to Maintain the capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. Section 507(a)(9).

The Debtor has filed first day motions with the United States Bankruptcy Court seeking authority to pay all prepetition employee obligations as well as sales/use and payroll tax obligations. Furthermore, based on varying periodic assessments and determinations of income and property taxes, the Debtor has listed the taxing authorities it has obligations to in its ordinary course of business at undetermined amounts.

____2____ continuation sheets attached

UNITED STATES BANKRUPTCY COURT
DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|
| Property Taxes | | See Exhibit E-1 immediately following schedule E | X | X | | Undetermined | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Total | | Undetermined |

UNITED STATES BANKRUPTCY COURT
DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

**Exhibit E-1**
**Property Taxes**

| Taxing Authority | Attention | Address | CSZ | C | U | D | Claim Amount |
|---|---|---|---|---|---|---|---|
| Lawrence County | Richard L. Rapone | 430 Court Street | New Castle, PA 16101 | X | X | | Undetermined |
| Mahoning Township | | Mahoning Township Municipal Blvd, 4538 West State St | Hillsville, PA 16132 | X | X | | Undetermined |
| Mohawk School District | Loretta Denny, Collector | 187 Denny Drive | Edinburg, PA 16116 | X | X | | Undetermined |
| | | | | | | | Undetermined |

# UNITED STATES BANKRUPTCY COURT
# DELAWARE

In re: Centaur PA Land, LP                                         Case Number: 09-13760

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition. Do not include claims listed in Schedule D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

[✓] Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| None | | | | | | |
| | 0 | continuation sheets attached | | Total | | $0 |

# UNITED STATES BANKRUPTCY COURT
# DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| Real Property Lease | See Exhibit G-1 immediately following Schedule G |

1 continuation sheet attached

**Specific Note:**

Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such agreement or unexpired lease.

UNITED STATES BANKRUPTCY COURT
DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

Exhibit G-1
Real Property Leases/Non-Residential

| Contract ID | Contracting Party | Address | CSZ |
|---|---|---|---|
| 1000 | Valley View Downs, LP | 10 West Market Street, Suite 200 | Indianapolis, IN 46204 |

**Specific Note:**
Relates to Intercompany lease beginning on October 30, 2007 and ending in 29 years and 11 months. Centaur PA Land, LP is the landlord. The contract does not create any expense or liability.

# UNITED STATES BANKRUPTCY COURT
# DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtor.

| NAME OF CODEBTOR | ADDRESS OF CODEBTOR |
|---|---|
| Valley View Downs, LP | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur Colorado, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur Indiana, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur Racing, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Hoosier Park, L.P. | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| HP Dining & Entertainment, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur Pennsylvania, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| VVD Properties General Partner, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Valley View Downs GP, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| VVD Properties, LP | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur PA Land Management, LLC | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |
| Centaur PA Land General Partner, LP | 10 West Market Street, Suite 200, Indianapolis, IN 46204 |

### Specific Notes:

(1) In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. In addition, in the ordinary course of their business, certain of the Debtors have guaranteed certain obligations and liabilities. However, the transactions and guarantees between the Debtors and their subsidiaries are too voluminous to list separately but, in some instances, are reflected elsewhere in the Schedules and Statements. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

(2) In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Due to the volume of such claims and because all such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

# UNITED STATES BANKRUPTCY COURT
# DELAWARE

In re: Centaur PA Land, LP

Case Number: 09-13760

A person who knowingly and fraudulently conceals property belonging to the estate of the debtor, makes a false oath or account in or in relation to a case under title 11, or makes a false statement in or in relation to a case under title 11 may be fined $500,000, imprisoned not more than 5 years, or both. 18 U.S.C. ss 152, 153 and 3571.

## DECLARATION

I, Kurt Wilson, Chief Financial Officer, Executive Vice President, Treasurer, and Secretary of Centaur, LLC, the indirect parent of the Debtor in this case, declare under penalty of perjury that I have read the foregoing Schedules and the Exhibits thereto and that they are true and correct to the best of my information and belief.

Signature: _____  Date: _____March 31, 2010_____